No. 66,027

In the Matter of BRAD L. KEIL, *Respondent*.

(809 P.2d 531)

Opinion filed April 12, 1991.

*Bruce E. Miller*, disciplinary administrator, argued the cause and was on the formal complaints for the petitioner.

*Brad L. Keil*, pro se, and *Robert A. Schartz*, of American Attorneys Associated, of Wichita, argued the cause for respondent.

*Per Curiam*: This is an original attorney discipline proceeding filed by the Office of the Disciplinary Administrator against Brad L. Keil, of Wichita, Kansas.

At the formal hearing herein, held November 12, 1990, the respondent admitted the factual allegations contained in the five-count amended formal complaint and the violations of disciplinary rules set forth therein (cases Nos. B4527, B4563, B4568, B4579, and B4582). The complained-of conduct is very similar in each case. In each, respondent agreed to represent a client, accepted a retainer for such representation, and failed to perform the professional services. The specific facts in each case, as set forth in the amended formal complaint, are as follows:

"COUNT I: File No. B4527

"7. In the summer of 1988, Respondent Brad L. Keil was retained by Martin B. Todd to investigate possible tort claims against the Secretary of Corrections and to pursue an appeal of Todd's convictions of burglary and theft in Sedgwick County District Court Case No. 87-CR-1487.

"8. One Karen Holloway and/or her father paid $600.00 to Respondent Brad L. Keil to pursue the appeal.

"9. Respondent Brad L. Keil did not pursue the appeal nor communicate with his client and further Respondent Brad L. Keil did abandon his client Martin B. Todd without performing any meaningful legal activity on his client's behalf.

"10. Respondent Brad L. Keil failed to account for the $600.00 paid to him to represent Martin B. Todd.

"11. The facts alleged in this count violate Model Rules of Professional Conduct 1.3 [1990 Kan. Ct. R. Annot. 219]; 1.4 [1990 Kan. Ct. R. Annot. 220]; 1.15 [1990 Kan. Ct. R. Annot. 247]; and 8.4(a) and (d) [1990 Kan. Ct. R. Annot. 290].

## "COUNT II: File No. B4563

"12. In May 1988, Respondent Brad L. Keil was retained by John S. Bloomquist to contest extradition proceedings initiated by the State of Texas and to pursue an appeal from Mr. Bloomquist's criminal conviction.

"13. John S. Bloomquist paid Respondent Brad L. Keil $200.00 as a retainer to pursue the appeal.

"14. Respondent Brad L. Keil did not pursue the appeal, nor did he communicate with his client and subsequently Respondent Brad L. Keil did abandon his client, John S. Bloomquist, without doing any meaningful legal work on the appeal.

"15. Respondent Brad L. Keil failed to account for the $200.00 retainer.

"16. The facts alleged in this count violate Model Rules of Professional Conduct 1.3; 1.4; 1.15; and 8.4(a) and (d).

## "COUNT III: File No. B4568

"17. On July 1, 1988, Respondent Brad L. Keil was retained by Michael Groves to assist Mr. Groves in enforcing child visitation rights.

"18. Michael Groves subsequently paid $350.00 to Respondent Brad L. Keil for this proposed legal work.

"19. Respondent Brad L. Keil did not pursue any legal activity in regard to Mr. Groves' child visitation rights nor did he communicate with Mr. Groves and subsequently Respondent Brad L. Keil abandoned his client, Mr. Groves, without doing any legal work.

"20. Respondent Brad L. Keil failed to account for the $350.00 retainer paid to him by Mr. Groves.

"21. The facts alleged in this count violate Model Rules of Professional Conduct 1.3; 1.4; 1.15; and 8.4(a) and (d).

## "COUNT IV: File No. B4579

"22. Respondent Brad L. Keil was retained by Danny C. Beckwith in the summer or fall of 1988, to assist Mr. Beckwith with certain real estate transactions.

"23. Danny C. Beckwith delivered certain papers he had concerning the real estate transaction to Respondent Brad L. Keil.

"24. Subsequently, Respondent Brad L. Keil failed to pursue any legal activity for Danny C. Beckwith; failed to return the papers belonging to Danny C. Beckwith; failed to communicate with Danny C. Beckwith; and abandoned his client, Danny C. Beckwith.

"25. The facts alleged in this count violate the Model Rules of Professional Conduct 1.3; 1.4; 1.15; and 8.4(a) and (d).

## "COUNT V: File No. B4582

"26. Respondent Brad L. Keil was appointed to represent Gerald D. Chapman on a criminal appeal while Respondent Brad L. Keil worked in the Kansas Appellate Defender's Office.

"27. Subsequently, when Respondent Brad L. Keil left employment with the Kansas Appellate Defender's Office, Gerald D. Chapman retained him to continue his criminal appeal.

"28. Respondent Brad L. Keil failed to appear at the oral argument of Mr. Chapman's case before the Kansas Court of Appeals.

"29. Respondent Brad L. Keil failed to account for any unearned retainer to Gerald D. Chapman.

"30. The facts alleged in this count violate Model Rules of Professional Conduct 1.3; 1.4; 1.15; and 8.4(a) and (d)."

Respondent's professional misconduct arose from alcoholism. On July 21, 1989, his petition to be placed on disability inactive status was granted by this court. He subsequently entered St. Joseph's Hospital Alcohol Treatment Unit, in Wichita, and was discharged therefrom on November 28, 1989. On October 23, 1990, this court entered an order directing "that respondent Brad L. Keil be restored to active status and temporarily suspended from the practice of law pending the resolution of the five pending disciplinary actions, which are hereby reinstated."

The disciplinary panel found:

"3. The respondent is remorseful for the transgressions he has committed.

"4. The respondent was a practicing alcoholic incapable of managing his life or professional affairs when these disciplinary violations occurred.

"5. The respondent has undergone treatment for alcohol abuse and has succeeded for over a year to remain free of alcohol.

"6. The respondent has been employed as a law clerk for Robert A. Schartz since June, 1990.

"7. The respondent is now married and twenty-nine years of age.

"8. The respondent has volunteered to make financial restitution in full to those wronged by his transgressions."

The panel then recommended that respondent be reinstated to the practice of law subject to being on probation for two years and compliance with the recommended conditions. After careful consideration, we accept the panel's recommendations subject to some minor modifications.

IT IS THE ORDER OF THE COURT that Brad L. Keil is hereby reinstated to the practice of law in the State of Kansas upon the following terms and conditions:

1. Respondent will be on probation for a period of two years;
2. respondent's practice will be supervised by an individual member of the Wichita Bar Association's Impaired Lawyers Committee. The panel recommended that Mr. Cliff W. Ratner be appointed to serve in this capacity, and he has agreed

to so serve. Mr. Ratner is appointed as respondent's supervising attorney;

3. Respondent's supervising attorney shall meet with the respondent as frequently as said supervising attorney deems necessary, and the supervising attorney shall file a written probationary report with the Disciplinary Administrator's office semiannually;

4. respondent will remain drug and alcohol free;

5. respondent will continue to participate in Alcoholics Anonymous and St. Joseph Hospital's Alcohol Treatment Unit After Care Program;

6. respondent shall make full and complete financial restitution to those injured by his professional misconduct, as set forth in the factual allegations contained in the amended formal complaint.

IT IS FURTHER ORDERED that this order be published in the Kansas Reports and the respondent pay the costs of this proceeding.